AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America )<br>v. )<br>  )<br>SHAYNE JONES )<br>*Defendant* ) | Case No.  4:16MJ 6062 PLC |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

  ☐ an offense for which the maximum sentence is death or life imprisonment.

  ☐ an offense for which a maximum prison term of ten years or more is prescribed _____.*

  ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

  ☐ any felony that is not a crime of violence but involves:

    ☐ a minor victim

    ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

    ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum prison term of ten years or more is prescribed in _____.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

☐ under 18 U.S.C. § 924(c).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

The United States moved for Defendant's pre-trial detention on the grounds that: (1) there is a serious risk Defendant will flee; (2) Defendant is a threat to the community; and (3) will obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror. The Court held a detention hearing on April 19, 2016. Counsel represented Defendant at the hearing. Defendant was provided with a copy of the Pre-Trial Services Report dated April 18, 2016. Defendant did not dispute the factual contents of the report.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence  ☒ a preponderance of the evidence that

there is no condition or combination of conditions that will reasonably assure: (1) Defendant's appearance and (2) the safety of the community for the following reasons. The Government has charged Defendant with
CONTINUE ON NEXT PAGE

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  April 26, 2016

_Patricia L. Cohen_
*Judge's Signature*

United States Magistrate Judge
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II – Statement of Reasons for Detention (continued)

violation of 18 U.S.C. Section 1951 (Conspiracy to Interfere with Commerce by Threats of Violence). According to the complaint, the Government alleges that Defendant, then an employee of Dunbar Armored Car Co., drove an armored car to a location where his cousin and another individual used weapons to take money from the armored car. According to the Government at the hearing, approximately two million dollars was taken from the armored car.

Defendant is twenty-nine years old and lives with his grandparents in Webster Groves, Missouri. His father and mother reside in St. Louis as do eight siblings. He served approximately six years in the U.S. Navy and was discharged under honorable conditions. Defendant has no criminal history. Defendant is not currently employed.

Defendant provided the following information at the hearing by proffer. He has substantial ties to the community, no criminal record, served in the Navy and can raise $100,000 for a bond.

Given the seriousness of the offense, the use of force, the nature of the penalty and the concerns expressed by the Government and Pre-Trial Services for the safety of a witness, the Court concludes that the Defendant is a flight risk and a danger to the community and no condition or combination of conditions will assure his appearance or the safety of the community. Accordingly, the Court grants the Government's motion for Pre-Trial Detention.