AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America<br>v.<br><br>_____CHARLES JOHNSON_____<br>*Defendant* | )<br>)<br>) Case No. 4:16CR176 CDP/DDN<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment.

   ☐ an offense for which a maximum prison term of ten years or more is prescribed _____.*

   ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:

      ☐ a minor victim

      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

      ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
   ☒ for which a maximum prison term of ten years or more is prescribed in _18 U.S.C. §1951_.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

☐ under 18 U.S.C. § 924(c).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

☒ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)   There is a serious risk that the defendant will not appear.

☒ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

The United States moved for Defendant's pre-trial detention on the grounds that: (1) there is a serious risk Defendant will flee; (2) Defendant is a threat to the community; and (3) will obstruct or attempt to obstruct justice or threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror. The Court held a detention hearing on April 19, 2016. Counsel represented Defendant at the hearing. Defendant was provided with a copy of the Pre-Trial Services Report dated April 18, 2016. Defendant did not dispute the factual contents of the report.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

there is no condition or combination of conditions that will reasonably assure: (1) Defendant's appearance and (2) the safety of the community for the following reasons. The Government has charged Defendant with
CONTINUE ON NEXT PAGE

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  April 28, 2016

_____
Judge's Signature

United States Magistrate Judge
Name and Title

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Part II – Statement of Reasons for Detention (continued)

violation of 18 U.S.C. Section 1951 (Conspiracy to Interfere with Commerce by Threats of Violence). According to the indictment, the Government alleges that Defendant and another individual drove to a pre-arranged site where a Dunbar armored car was located. The armored car had been driven to the site by Defendant's cousin, Shayne Jones, a Dunbar employee. Defendant and the other individual used firearms and demands to obtain bags of money. According to the Government at Defendant's pre-trial detention hearing, the Defendant and the other individual obtained approximately two million dollars. The money was split between Defendant and the other individual, with Defendant taking his cousin's share.

Defendant is thirty-four years old. He is a life-long resident of the St. Louis area. His mother and four siblings reside in St. Louis. He is employed as a customer service manager at Wal-Mart and has worked for Wal-Mart for five years. Prior to Wal-Mart, he worked two years for FedEx. Defendant has received one citation for trespassing.

Defendant provided the following information by proffer. He has ties to the community, will submit to any conditions, has a clean record and he did not confess.

Given the seriousness of the offense, the use of force, the nature of the penalty and the concerns expressed for the safety of a witness, the Court grants the Government's motion for Pre-Trial Detention.